**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS' AREA ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST, CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 | CASE NO.: 21-cv-5776   JUDGE:   MAG. JUDGE: |

Plaintiffs,

vs.

RUANE CONSTRUCTION, INC., an Illinois corporation, and MARK RUANE, an individual

Defendants.

## **COMPLAINT**

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA)

NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST, and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 complaining of Defendants RUANE CONSTRUCTION, INC. and MARK RUANE and in support, allege as follows:

## JURISDICTION AND VENUE

1.      This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 ("PENSION FUND"), the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND ("WELFARE FUND"), the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND ("ANNUITY FUND"), the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND ("SAVINGS FUND"), the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST ("TRAINING FUND"), and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND ("RETIREE WELFARE FUND") (collectively "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3.    The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreements entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37)(A).

4.    The OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5.    Pursuant to Sections 502(a)(3) and 515 of ERSIA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6.    The UNION is the bargaining representative of RUANE CONSTRUCTION, INC. ("RUANE CONSTRUCTION")'s cement mason employees.

7.    The Defendant RUANE CONSTRUCTION is an Illinois corporation with its principal place of business in Naperville, Illinois.

8.    The Defendant MARK RUANE is the President and sole shareholder of Defendant RUANE CONSTRUCTION.

**COUNT I**
**BREACH OF CONTRACT**
**(RUANE CONSTRUCTION INC.)**

9.      Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10.     RUANE CONSTRUCTION entered into a Memorandum of Agreement with the UNION. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**).

11.     Through the Memorandum of Agreement, RUANE CONSTRUCTION recognized the UNION as the exclusive majority representative of its cement mason employees pursuant to Section 9(a) of the Labor-Management Relations Act (29 U.S.C. § 159).  (**Exhibit 1**).

12.     Through the Memorandum of Agreement, RUANE CONSTRUCTION also became bound to the Collective Bargaining Agreement ("CBA") between the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association in effect during the period of June 1, 2017 through May 31, 2021.  (A copy of this CBA is attached as **Exhibit 2**).

13.     Through the Memorandum of Agreement, RUANE CONSTRUCTION also became bound to the Collective Bargaining Agreement ("CBA") between the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association in effect during the period of June 1, 2021 through May 31, 2026.  (A copy of this CBA is attached as **Exhibit 3**).

14.     Through the CBAs and Memorandum of Agreement, RUANE CONSTRUCTION agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

15.     Pursuant to the provisions of the CBAs, Memorandum of Agreement, and Trust Agreements, Defendant RUANE CONSTRUCTION is required to make monthly reports of the number of hours worked by its cement mason employees ("monthly remittance

reports") and pay contributions to the TRUST FUNDS and LMCC for each hour that a cement mason employee performs any work at the negotiated rate set forth in the CBAs. The monthly remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.  (**Exhibit 2** and **Exhibit 3**).

16.    Pursuant to the CBAs, the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association agreed to hourly contribution rates to the TRUST FUNDS and LMCC during the period of June 1, 2020 through May 31, 2021.  (A copy of the Wage and Benefit Sheet dated May 4, 2020 is attached as **Exhibit 4**).

17.    Pursuant to the CBAs, the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association agreed to hourly contribution rates to the TRUST FUNDS and LMCC during the period of June 1, 2021 through May 31, 2022.  (A copy of the Wage and Benefit Sheet dated May 10, 2021 is attached as **Exhibit 5**)

18.    Pursuant to the CBAs and properly executed check-off cards, RUANE CONSTRUCTION is required to deduct $3.35 from its cement mason employees' wages for each hour paid and remit it to the UNION during the period of June 1, 2020 through May 31, 2021. (**Exhibit 2** and **Exhibit 4**).

19.    Pursuant to the CBAs and properly executed check-off cards, RUANE CONSTRUCTION is required to deduct $3.45 from its cement mason employees' wages for each hour paid and remit it to the UNION during the period of June 1, 2021 through May 31, 2022. (**Exhibit 3** and **Exhibit 5**).

20. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the CBAs and Trust Agreements, employers who fail to submit their monthly remittance reports and contributions to the TRUST FUNDS and the LMCC, and wage deductions to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus interest at either a rate of ten percent (10%) per annum or the highest legally acceptable interest rate, any reasonable attorney's fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2** and **Exhibit 3**).

21. RUANE CONSTRUCTION failed to timely submit payment of its February 2021 and March 2021 contributions.

22. As a result of its failure to timely pay the February 2021 and March 2021 contributions, RUANE CONSTRUCTION owes liquidated damages in the amount of $1,564.97.

23. RUANE CONSTRUCTION failed to submit their monthly remittance reports for the month of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021, and owes contributions and wage deductions in an unknown amount.

24. As a result of RUANE CONSTRUCTION's failure to timely remit payment of contributions and wage deduction for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021, RUANE CONSTRUCTION owes the TRUST FUNDS, LMCC and the UNION liquidated damages and interest in an unknown amount.

25. Defendant RUANE CONSTRUCTION is required to honor the terms and conditions of employment of its cement mason employees, including the contribution obligation to remit monthly remittance reports, contributions, and wage deductions on a monthly basis to Plaintiffs, until the parties reach an impasse on negotiations over a successor CBA.

26. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from RUANE CONSTRUCTION.

27. Plaintiffs have complied with all conditions precedent in bringing this suit.

28. Defendant RUANE CONSTRUCTION is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant RUANE CONSTRUCTION in the amount of $1,564.97 for late February 2021 and March 2021 contributions;

B. That Defendant RUANE CONSTRUCTION be ordered to remit its monthly remittance reports for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021;

C. That Judgment be entered in favor of Plaintiffs and against Defendant RUANE CONSTRUCTION for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021;

D. That Judgment be entered in favor of Plaintiffs and against Defendant RUANE CONSTRUCTION for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing in addition to those referenced in Paragraphs A and C above;

E.     That Defendant RUANE CONSTRUCTION be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBAs, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

F.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant RUANE CONSTRUCTION's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT
## (DEFENDANT MAK RUANE)

29.     Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-28 of this Complaint with the same force and effect as if fully set forth herein.

30.     MARK RUANE is the individual who signed the Memorandum of Agreement between RUANE CONSTRUCTION and the UNION.  (**Exhibit 1**).

31.     The Memorandum of Agreement states as follows:

> "The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any willful failure to pay wages, or to accurately report hours to the fringe benefit funds as required by this agreement"

(**Exhibit 1** at ¶8).

32.     Through the Memorandum of Agreement, MARK RUANE, personally, became jointly and severally liable with RUANE CONSTRUCTION for all wage deduction obligations to the UNION and contribution obligations to the TRUST FUNDS and LMCC.

33.     MARK RUANE failed to timely submit payment of the February 2021 and March 2021 contributions.

34.    As a result of his failure to timely submit payment of the February 2021 and March 2021 contributions, MARK RUANE owes liquidated damages in the amount of $1,564.97.

35.    MARK RUANE failed to submit the monthly remittance reports for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021, and owes contributions and wage deductions in an unknown amount.

36.    As a result of MARK RUANE's failure to timely remit payment of contributions and wage deductions for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021, RUANE CONSTRUCTION owes the TRUST FUNDS, LMCC and the UNION liquidated damages and interest in an unknown amount.

37.    Defendant MARK RUANE has a continuing obligation to remit monthly remittance reports, contributions, and wage deductions on a monthly basis to Plaintiffs.

38.    Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from MARK RUANE.

39.    Plaintiffs have complied with all conditions precedent in bringing this suit.

40.    Defendant MARK RUANE is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBAs, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).


WHEREFORE, Plaintiffs respectfully request:

A.    That Judgment be entered in favor of Plaintiffs and against Defendant RUANE CONSTRUCTION in the amount of $1,564.97 for late February 2021 and March 2021 contributions;

B.     That Defendant MARK RUANE be ordered to remit the monthly remittance reports for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021;

C.     That Judgment be entered in favor of Plaintiffs and against Defendant MARK RUANE for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021;

D.     That Judgment be entered in favor of Plaintiffs and against Defendant MARK RUANE for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing in addition to those referenced in Paragraphs A and C above;

E.     That Defendant MARK RUANE be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

F.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant MARK RUANE's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT III
## BREACH OF FIDUCIARY DUTY
### (DEFENDANT MARK RUANE)

41.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-40 of this Complaint with the same force and effect as if fully set forth herein.

42.    Pursuant to the CBA and Wage and Benefit Rate Sheets in effect during the period of June 1, 2020 through May 31, 2021 and June 1, 2021 through May 31 2022, Defendant RUANE CONSTRUCTION is required to deduct $5.00 from its cement mason employees' wages for each hour worked and remit it to the SAVINGS FUND. (**Exhibit 2**, **Exhibit 3**, **Exhibit 4**, and **Exhibit 5**).

43.    Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets."  (29 C.F.R. § 2510.3-102(a)(1)).

44.    Section 3 of ERISA provides that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . ."  (29 U.S.C. § 1002(21)(A)).

45.    Section 404(a)(1) of ERISA requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."  (29 U.S.C. § 1104(a)(1)).

46.    MARK RUANE, in his capacity as a President of RUANE CONSTRUCTION, withheld an unknown amount of money from his bargaining unit employees' paychecks for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021.

47.    The withheld SAVINGS FUND deductions became plan assets on the day they became due and owing to Plaintiffs, the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2** and **Exhibit 3**).

48.    Consequently, MARK RUANE became a plan fiduciary when he failed to remit timely payment of the SAVINGS FUND deductions, as he exercised discretionary authority and control over plan assets.

49.     As a result of his failure to remit timely payment of the SAVINGS FUND deductions, MARK RUANE breached his fiduciary duty to the SAVINGS FUND, as he failed to act for the exclusive purpose of providing benefits to the participants when he failed to remit timely payment of the SAVINGS FUND deductions.

50.     MARK RUANE also failed to act with the requisite care, skill, prudence and diligence imposed upon him by ERISA when he failed to remit timely payment of the SAVINGS FUND deductions to the SAVINGS FUND.

51.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from MARK RUANE.

52.     Plaintiffs have complied with all conditions precedent in bringing this suit.

53.     MARK RUANE is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBAs, Trust Agreements and 29 U.S.C. § 1132(g).


**WHEREFORE,** Plaintiffs respectfully request:

A.     That Judgment be entered in favor of the SAVINGS FUND and against Defendant MARK RUANE in the total amount of the unpaid SAVINGS FUND deductions for the months of April 2021, May 2021, June 2021, July 2021, August 2021 and September 2021;

B.     That Judgment be entered in favor of the SAVINGS FUND and against Defendant MARK RUANE in an unknown amount for liquidated damages and interest calculated at a rate of ten percent (10%) per annum from the due date through the date of a Judgment;

C.     That Judgment be entered in favor of Plaintiffs and against Defendant MARK RUANE for all unpaid SAVINGS FUND deductions, along with the resulting liquidated damages and

interest, that are found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D.    That Defendant MARK RUANE be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBAs, Trust Agreements and 29 U.S.C. §1132(g); and

E.    That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant MARK RUANE's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502** *et al.*

/s/ Michael S. Vojta - 6278647
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
vojta@johnsonkrol.com